UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

SERAFIM GEORGIOS KATERGARIS,

                       Plaintiff,

          -v-

CITY OF NEW YORK,

                       Defendant.

22 Civ. 7400 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Serafim Georgios Katergaris ("Katergaris") brings a due process claim under 42 U.S.C. § 1983 against defendant City of New York (the "City") based on its procedures for imposing fines on property owners for violations of boiler inspection ordinances. Dkt. 28 ("First Amended Complaint" or "FAC"). The City has moved to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6), in part on the ground that Katergaris's § 1983 claim is time-barred by the three-year statute of limitations for such claims. *See* Dkt. 32. The City argues that its violation notice was mailed to Katergaris on March 3, 2015, starting the running of the three-year limitations period. *Id.* at 4–5. In support, the City has filed a declaration of New York City Department of Buildings ("DOB") employee Juan Ruiz setting out the DOB's procedures for mailing boiler-related violation notices. *See* Dkt. 31. If Ruiz's account is credited, the City argues, Katergaris is presumed under the "mailbox rule" to have received the DOB's mailing, and absent evidence defeating this presumption, the limitations period ran in March 2018, years before this suit was filed in August 2022. *See* Dkt. 1; Dkt. 32 at 4–5.

    Where a defendant submits materials outside the pleadings for consideration on a Rule 12(b)(6) motion to dismiss, the Court must either convert the motion to one for summary

1

judgment under Rule 56 or exclude the additional materials and decide the motion based solely upon the FAC. *See* Fed. R. Civ. P. 12(d). "[A] district court acts properly in converting a motion for judgment on the pleadings into a motion for summary judgment when the motion presents matters outside the pleadings, but the rule requires that the court give sufficient notice to an opposing party and an opportunity for that party to respond." *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (citation omitted).

Such is the case here. On Katergaris's pleadings and cognizable associated materials, the Court cannot resolve the City's potentially dispositive limitations defense. The availability of that defense turns, or may turn, on facts not cognizable on a motion to dismiss, including facts relating to the City's procedure for mailing, documenting, and tracking violation notices and the circumstances surrounding Katergaris's receipt of the violation notice. Accordingly, with respect to the issue of timeliness **only**, the Court converts the City's motion to dismiss to one for summary judgment. The Court directs that (1) the parties conduct discovery on the issue of timeliness by August 7, 2023; (2) any motion for summary judgment by the City on this ground be filed by August 14, 2023; (3) any response by Katergaris to the City's motion be filed by August 21, 2023; and (4) any reply by the City be filed by August 24, 2023. The Court will thereafter rule on the summary judgment motion on this ground, and, if warranted, the other ground(s) raised in the City's motion to dismiss.

SO ORDERED.

                                                        *Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 17, 2023
      New York, New York